UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC BACON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 4:09CR1329 HEA |
| | ) | |
| TOM NEER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction, which is requested in his Complaint. Defendants oppose the Motion.

Plaintiff brought this action for declaratory judgment, pursuant to 28 U.S.C. § 2201, seeking a declaration that the provisions of the Federal Sex Offender Registration and Notification Act ("SORNA"), 42 U.S.C. § 16901 *et seq*., insofar as they apply to Plaintiff, are unconstitutional. Plaintiff also seeks a preliminary and permanent injunction against Defendants restraining them from seeking to prosecute Plaintiff for failing to register under Missouri's Sex Offender Registration Act ("SORA"), Mo.Rev.Stat. §§ 589.400 to 589.425. On August 27, 2009, the Court held a hearing on the Motion for Preliminary Injunction. Subsequent thereto, the parties have submitted memoranda in support of their respective positions. For the reasons set forth below, the Motion for Preliminary Injunction will be denied.

**Facts and Background**

Plaintiff's Complaint sets out the following facts:[1] On July 29, 2004, Plaintiff pled guilty in the Circuit Court for the County of St. Louis, Missouri, to possession of child pornography, a class A misdemeanor. That year, Congress passed the Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act, which required states to adopt sex offender registration laws as a prerequisite to eligibility for certain federal funds. Missouri enacted its sex offender registration law, SORA, in 1994.

In 2006, the Missouri Supreme Court held that SORA, as applied to persons who were convicted or pled guilty prior to the it's January 1, 1995, effective date, violates the Missouri Constitution's prohibition against retrospective laws.[2] *Doe v. Phillips*, 194 S.W.3d 833, 852 (Mo. banc 2006). In *Doe v. Blunt*, 225 S.W.3d 421 (Mo.banc 2007), the Court held that imposition of SORA's registration requirements on an individual whose crime was not subject to SORA's requirements until after his conviction violates the Missouri Constitution. *Blunt*, 225 S.W.3d at 422.

---

[1] The recitation of the facts is set forth for the purposes of this Opinion, Memorandum and Order only and in no way relieves any of the parties of the necessary proof thereof in later proceedings.

[2] See Mo.Const. Art. I § 13.

In 2006, however, Congress enacted SORNA. Title I of SORNA imposes obligations both on sex offenders and on states. As to offenders, SORNA effectively creates a federally-mandated national sex offender registry by requiring sex offenders[3] throughout the country to register in the states in which they reside. 42 U.S.C. § 16913(a) ("Registry requirements for sex offenders"). SORNA also requires that states "maintain a jurisdiction-wide sex offender registry conforming to the requirements of [SORNA]." 42 U.S.C. § 16912(a) ("Registry requirements for jurisdictions").

SORNA's federally-mandated registration requirement applies to individuals regardless of whether they were convicted prior to or after its enactment. 42 U.S.C. § 16913(d); 28 C.F.R. § 72.3. In June, 2009, the Missouri Supreme Court held that Missouri's Constitutional prohibition against retrospective laws cannot provide relief to offenders who are "subject to the independent, federally mandated registration requirements under the SORNA." *Doe I, et al. v. Keathley, et al.*, 290 S.W.3d. 719, (Mo. banc). According to his Complaint, plaintiff was not previously required to register as a sex offender in

---

[3] A "sex offender" is "an individual who was convicted of a sex offense." 42 U.S.C. § 16911(1). The definition of "sex offense" includes "a criminal offense that is a specified offense against a minor." 42 U.S.C. § 16911(5)(A)(ii). The term "specified offense against a minor" includes "[possession, production, or distribution of child pornography." 42 U.S.C. § 16911(7)(G).

Missouri but was told by St. Charles County officials, following the SORNA's enactment.

Plaintiff seeks a judgment declaring SORNA unconstitutional and enjoining defendants from enforcing Missouri's state registration requirements (SORA).

On August 19, 2009, plaintiff obtained an *ex parte* Temporary Restraining Order against Defendants.[4]

---

[4] Defendant Keathley initially argues that this Court should not grant Plaintiff's Motion without first allowing the United States the opportunity to appear. Keathley argues that because plaintiff is challenging the constitutionality of an Act of Congress, the United States must be notified and allowed the opportunity to defend the Act. See 28 U.S.C. § 2403(a); Fed.R.Civ.P. 5.1. He further argues that any requirement plaintiff has to register as a sex offender exists by virtue of federal law (SORNA) irrespective of Missouri law (SORA). 42 U.S.C. § 16913(a). Thus, Keathley contends that although plaintiff is seeking an Order enjoining only state and local officials, the obligation he is attempting to avoid was imposed not only by the State of Missouri, but by Congress. Keathley argues that Defendants are not charged with the responsibility of defending the constitutionality of Congressional Acts, see 28 U.S.C. § 517; 28 U.S.C. § 547; and, even if they were, he contends that plaintiff cannot avoid the requirements of federal law by seeking an injunction prohibiting state officials from enforcing state law. U.S. Const. art. VI, cl. 2. See also, *Sola Elec. Co. v. Jefferson Co.*, 317 U.S. 173, 176 (1942); *Campbell v. Minnesota Public Housing Authority*, 168 F.3d 1069, 1075, n.2 (8th Cir. 1999);*State of Mo. v. City of Glasgow*, 152 F.3d 802, 805 (8th Cir. 1998). Under these circumstances, Keathley contends the Court should not proceed without first permitting those charged with the defense of federal statutes to appear. Because Plaintiff is not entitled to injunctive relief, the Court need not refrain from ruling until the United States has had an opportunity to appear. This issue, however, may become significant in later proceedings.

## Discussion

**Injunctive Relief as to Defendant Keathley**

As an initial consideration, this Court agrees with Defendant Keathley that Plaintiff cannot secure an injunction against him. Plaintiff alleges that St. Charles County Officials have threatened him with criminal prosecution, but makes no such claim with regard to Defendant Keathley. Keathley urges that the Eleventh Amendment bars federal jurisdiction over an official capacity suit against a state official, except in the instance wherein Plaintiff seeks an injunction against enforcement of an allegedly unconstitutional statute by a state official who stands poised to enforce the statute against the plaintiff. Because Plaintiff does not contend that Keathley threatened him with criminal prosecution, there can be no injunction against him. See *Ex Parte Young*, 209 U.S. 123, 157 (1908); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984); *Reproductive Health Services of Planned Parenthood of St. Louis Region*, 428 F.3d. 1139, 1145 (8th Cir. 2005). Accordingly, Plaintiff's request for preliminary injunctive relief against Defendant Keathley is denied.

**Injunctive Relief as to Defendant Neer**

Plaintiff contends that the immediate question before this Court is whether SORNA imposes an independent and mandated federal obligation on sex offenders

to register. He argues that the obligation to register derives from state law because SORNA is a conditional grant statute in the form of a contract between the federal government and the states. Plaintiff basically argues that Section 16913 is an unlawful exercise of Congress' Commerce Clause power because Congress has no power to regulate a purely intrastate offender who does not travel in interstate commerce.[5] Plaintiff's argument, however, goes to the very issues underlying this case. At this point, however, the Court is not able nor at liberty to decide the ultimate issues, rather, the Court must ascertain whether Plaintiff is entitled to a preliminary injunction during the course of this litigation.

A preliminary injunction is an extraordinary remedy, and the burden of establishing the propriety of the injunction is on the movant. See *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir.2003). The court considers four factors in determining whether a preliminary injunction should issue: (1) the threat of irreparable harm to the movant in the absence of relief, (2) the balance between that harm and the harm that the relief may cause the non-moving party, (3) the likelihood of the movant's ultimate success on the merits and (4) the public interest.

---

[5] Defendant Keathley also argues that the injunction Plaintiff seeks is inappropriate because Plaintiff does not allege that the Missouri law violates the laws or Constitution of the United States.

*Dataphase Sys., Inc. v. C.L. Sys., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc). The court balances the equitable nature of all four factors to determine whether a preliminary injunction is warranted. *Id.* at 113; see also *Taylor Corp. v. Four Seasons Greetings, LLC*, 315 F.3d 1039, 1041 (8th Cir.2003). The party seeking injunctive relief bears the burden of proving the *Dataphase* factors. *CDI Energy Services v. West River Pumps, Inc.*, 567 F.3d 398, 402 (8th Cir.2009).

**Threat of Irreparable Harm**

Irreparable harm must be certain and imminent such that there is a clear and present need for equitable relief. *Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 425 (8th Cir.1996). Furthermore, the remedy at law must be inadequate. *Gen. Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir.2009). An irreparable injury is an injury "of such a nature that money damages alone do not provide adequate relief." *Hinz v. Neuroscience, Inc.*, 538 F.3d 979, 986 (8th Cir.2008). "[T]he absence of a finding of irreparable injury is alone sufficient ground for [denying a] preliminary injunction." *Guy Carpenter & Co. v. John B. Collins Associates, Inc.*, 179 F.App'x 982, 983 (8th Cir.2006) (quoting *Dataphase*, 640 F.2d at 114 n. 9) see also, *General Motors Corp.*, 563F.3d at 320. Plaintiff claims a number of reasons why there is a threat of irreparable harm to him. His claims fail to establish irreparable harm.

The Court agrees with Defendants that the registration requirement itself causes Plaintiff no harm. The registration scheme is not punitive. "SORNA's registration requirement demonstrates no congressional intent to punish sex offenders." *United States v. May*, 535 F.3d 912, 920 (8th Cir. 2008). Rather, the attendant stigma which may be associated with the registration arises from the fact of the conviction itself, which is already a matter of public record. *Smith v. Doe*, 538 U.S. 84, 103 (2003). No irreparable harm is caused by the fact of registration itself. This factor weighs against issuance of a preliminary injunction.

**Balance of Harms**

Under the second *Dataphase* factor, the Court considers whether any irreparable harm to the movant outweighs any potential harm to the nonmovants should the injunction issue. See *Dataphase*, 640 F.2d at 114. The purpose of the sex offender registration laws is to advance the public safety and protecting children from sex offenders. *Smith*, 538 U.S. at 103. This purpose clearly outweighs the alleged irreparable harm Plaintiff argues exists. Any harm suffered by Plaintiff as a result of registration, keeping in mind the non-punitive nature of the requirement, is *de minimis*.

**Likelihood of Success on the Merits**

The court next considers the "most significant" *Dataphase* factor: likelihood

that the movant will prevail on the merits. *S & M Constructors, Inc. v. Foley Co.*, 959 F.2d 97, 98 (8th Cir.1992). At this stage in the proceeding, the court does not decide whether the movant will ultimately win, nor must the movant prove a greater-than-fifty-percent likelihood of success. See *Glenwood Bridge, Inc. v. City of Minneapolis*, 940 F.2d 367, 371 (8th Cir.1991); *Dataphase*, 640 F.2d at 113.

Plaintiff seeks a judgment declaring that SORNA is unconstitutional. The Complaint alleges that SORNA, as applied to Plaintiff, violates his right to travel under the Fifth Amendment, the Commerce Clause, the *Ex Post Facto* clause and the Tenth Amendment. Furthermore, Plaintiff claims that the Administrative Procedures Act was violated for failure to give notice and provide a comment period.

Plaintiff contends that SORNA effectively removes his right to travel. Although the word "travel" is not contained in the Constitution, "[t]he 'constitutional right to travel from one State to another' is firmly embedded in our jurisprudence." *Saenz v. Roe*, 526 U.S. 489, 498 (1999). The right to travel "protects the right of a citizen to enter and to leave another State, the right to be treated as a welcome visitor rather than an unfriendly alien when temporarily present in the second State, and, for those travelers who elect to become permanent residents, the right to be treated like other citizens of that State." *Id*. at 500; see

also, *Doe v. Miller*, 405 F.3d 700, 713 (8th Cir.2005), cert. denied, 546 U.S. 1034 (2005). In *Weems v. Little Rock Police Department*, 453 F.3d 1010, 1016-17 (8th Cir.2006), cert. denied, 550 U.S.917 (2007), quoting *Doe v. Miller*, *supra* at 713, the Eighth Circuit rejected a right to travel challenge to a State sex offender registration statute, and found that the statute did not "prevent a sex offender from entering or leaving any part of the State" or "erect any actual barrier to interstate movement."

Like the State statute challenged in *Weems*, SORNA does not prevent sex offenders from traveling, but merely requires them to notify law enforcement officials when they do, and it imposes the same registration requirements on individuals who are first moving to a State, as it does on long-time residents. Plaintiff argues that SORNA was enacted in violation of the "Commerce Clause" because he has not traveled in interstate commerce. This argument was directly rejected by the United States Court of Appeals for the Eighth Circuit in *United States v. May*, 535 F.3d 912. *May* held "SORNA contains a sufficient nexus to interstate commerce" to survive an allegation that it violates the Commerce Cause like that made by plaintiff. *Id*. at 922; see also *United States v. Howell*, 552 F.3d 709, 713 (8th Cir.2009). Plaintiff's attempt to distinguish *May* and *Howell* is logically flawed, inconceivable, and unavailing. The reasoning and rationale set

forth in these opinions made no distinction between individuals moving to Missouri and those remaining at all times in Missouri. The reasoning and rationale is equally applicable to either an offender that moves to Missouri and does not travel in interstate commerce and an individual who has always been a Missouri resident. The nexus to interstate commerce is analyzed from the point of view of future travel. As such, the attempted distinction is without merit. As a result, Plaintiff, woefully, is not likely to succeed on his Commerce Clause challenge.

Plaintiff also claims that SORNA violates the Tenth Amendment. In *United States v. Hacker*, 565 F.3d 522 (8th Cir.2009), the Eighth Circuit held that a plaintiff who attacks SORNA on Tenth Amendment grounds, in his individual capacity, lacks standing. *Id.* at 526-27. Thus, plaintiff lacks standing to bring a Tenth Amendment claim.

*May* also held that an offender like plaintiff who is not "unable to comply" with the initial registration requirements of SORNA set out at 42 U.S.C. § 16913(b) does not have standing to contest any alleged constitutional defect in the delegation to the Attorney General of the decision to apply SORNA retroactively or any violation of the Administrative Procedures Act in foregoing the 30-day notice and comment period typically required before making the decision on retroactivity. 535 F.3d at 921. As a result, plaintiff lacks standing to challenge the Attorney General's

decision to apply SORNA retroactively or any violation of the Administrative Procedures Act in foregoing the 30-day notice and comment period typically required before making the decision on retroactivity.

In *May*, the Eighth Circuit set out a thorough analysis of whether the provisions of SORNA violated the Ex Post Facto clause:

> In analyzing an ex post facto violation, courts must first determine whether "the legislature meant the statute to establish 'civil' proceedings." *Kansas v. Hendricks*, 521 U.S. 346, 361, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997). If Congress intended SORNA to impose punishment for a pre-existing crime, the statute violates the ex post facto clause. See *Smith*, 538 U.S. at 92, 123 S.Ct. 1140. Conversely, if it was Congress's intention "to enact a regulatory scheme that is civil and nonpunitive," courts must further examine "whether the statutory scheme is so punitive either in purpose or effect as to negate [Congress's] intention to deem it civil." *Id.* (internal citation and quotation marks omitted).
>
> To determine whether the statutory scheme at issue is punitive or regulatory, courts must determine whether Congress "indicated either expressly or impliedly a preference for one label or the other." *Smith*, 538 U.S. at 93, 123 S.Ct. 1140. Congress stated its purpose in establishing a comprehensive national system for registration of sex offenders was "to protect the public from sex offenders and offenders against children, and in response to the vicious attacks by violent predators." 42 U.S.C.A. § 16901. As was the case in *Smith*, SORNA's registration requirement demonstrates no congressional intent to punish sex offenders. Congress described SORNA as a public safety measure. See § 16901.
>
> Even though Congress's intent "was to enact a regulatory scheme that is civil and nonpunitive," we must look further to see if the statutory scheme is so punitive that it negates Congress's intention to

> deem the act civil. See *Smith*, 538 U.S. at 92, 123 S.Ct. 1140. "[O]nly the clearest proof will suffice to override legislative intent and transform what has been denominated a civil remedy into a criminal penalty." *Id*. at 92, 123 S.Ct. 1140 (internal quotations omitted).
>
> The only punishment that can arise under SORNA comes from a violation of § 2250, which punishes convicted sex offenders who travel in interstate commerce after the enactment of SORNA and who fail to register as required by SORNA. Congress clearly intended SORNA to apply to persons convicted before the Act's passage. The Act defines a sex offender as "an individual who was convicted of a sex offense." § 16911(1) (emphasis added). If SORNA did not apply to previously convicted sex offenders, SORNA would not serve Congress's stated purpose of establishing a "comprehensive national system" for sex offender registration. Section 16901. As applicable to [Defendant], the elements of § 2250 are: (1) being a sex offender, (2) traveling in interstate commerce, and (3) failing to register or update a registration. Although [Defendant] became a sex offender by way of a conviction before enactment of SORNA, the first element merely identifies to whom the statute applies; it is not a triggering event. Cf. *United States v. Woods*, 696 F.2d 566, 571-72 (8th Cir.1982) (finding no ex post facto concern for a conviction for being a felon in possession of a firearm where there was no evidence the firearm traveled in interstate commerce after enactment of the statute because the interstate commerce element only defined the type of gun involved, and it was not a triggering event for the violation). Section 2250 punishes an individual for traveling in interstate commerce and failing to register. The statute does not punish an individual for previously being convicted of a sex crime.

*May*, 535 F.3d at 920. Discussion of the preceding law to date tends to heavily weigh against issuance of the preliminary injunction.

**Public Interest**

There is clearly a public interest in advancing public safety and protecting the welfare of children. This factor, as the intended purpose of SORNA, is irrefutable, and as such weighs against issuance of a preliminary injunction.

**Conclusion**

Based upon a balancing of the four *Dataphase* factors, this Court determines that a preliminary injunction is not warranted.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Request for Preliminary Injunction, which is requested in Plaintiff's Complaint, restraining Defendants from seeking to prosecute Plaintiff for failing to register under SORA is **DENIED**.

Dated this 12th day of November, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE